UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------

MOHAMMED TIPOO

Plaintiff,

-against-                                                    **Case No:**

EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC; EQUIFAX INFORMATION
SERVICES, LLC; CHASE BANK USA, N.A.;
CITIGROUP, INC.; DEPARTMENT STORES
NATIONAL BANK; CAPITAL ONE BANK
(USA), N.A.; STUART ALLAN & ASSOCIATES;
and MIDLAND FUNDING, LLC.,

Defendants.

-----------------------------------------------------------------------------

## COMPLAINT

Plaintiff, Mohammed Tipoo (hereinafter "Tipoo"), by his attorneys, brings this action

against the Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), Trans

Union, LLC (hereinafter "Trans Union"), Equifax Information Services, LLC (hereinafter

"Equifax"), Chase Bank USA, N.A. (hereinafter "Chase"), CitiGroup, Inc. (hereinafter "Citi"),

Department Stores National Bank (hereinafter "DSNB"), Capital One Bank (USA), N.A.

(hereinafter "Capital One"), Stuart Allan & Associates (hereinafter "Stuart Allan") and Midland

Funding, LLC (hereinafter "Midland"), for their negligent and/or willful violation of §1681 *et*

*seq.* of Title 15 of the United States Code, the Fair Credit Reporting Act (hereinafter "FCRA").

## Introduction

1.      This action seeks redress for the illegal practices of Defendants, concerning the reporting

of debt, in violation of §1681 *et seq.* of Title 15 of the United States Code, the FCRA..

## Jurisdiction and Venue

2.      This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.      Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District.

4.      Plaintiff's residence is located within the Eastern District of New York.

5.      Plaintiff Mohammed Tipoo is an adult resident citizen of Queens County, New York.

6.      Defendant Experian Information Solutions, Inc. is an Ohio corporation registered to do business in the State of New York which may be served with process upon CT Corporation System, its registered agent for service of process, at 111 Eighth Avenue, New York, NY 10011.

7.      Defendant Trans Union, LLC is a Delaware corporation registered to do business in the State of New York and may be served with process upon the Prentice-Hall Corporation System, Inc., its registered agent for service of process, at 80 State Street, Albany, NY 12207-2543.

8.      Defendant Equifax Information Services, LLC is a Georgia corporation registered to do business in the State of New York and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 80 State Street, Albany, NY 12207-2543.

9.      Defendant Chase Bank USA, N.A. is a national bank which may be served with process at its corporate headquarters located at 201 North Walnut Street, Wilmington, DE 19801.

10.     Defendant Citigroup, Inc. is a Delaware corporation registered to do business in the State of New York and may be served with process upon CT Corporation System, its registered agent for service of process, at 111 Eighth Avenue, New York, NY 10011.

11.     Defendant Department Stores National Bank is a national bank which may be served with

2

process at its corporate headquarters located at 701 East 60th Street, Sioux Falls, SD 57104.

12.     Defendant Capital One Bank (USA), N.A. is a national bank which may be served with process at its corporate headquarters located at 4851 Cox Road, Glen Allen, VA 23060.

13.     Defendant Stuart Allan & Associates is not registered to do business in the State of New York and may be served with process at its corporate headquarters located at The Stuart Allan Building, 5447 East 5th Street #110, Tucson, AZ 85711-2345.

14.     Defendant Midland Funding, LLC is a Delaware corporation registered to do business in the State of New York and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 80 State Street, Albany, NY 12207-2543.

15.     Defendants Experian, Trans Union and Equifax are consumer reporting agencies, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*   Experian, Trans Union and Equifax provide credit reports to third parties regarding consumers such as the Plaintiff.

16.     Defendant Chase, Citi, DSNB, Capital One, Stuart Allan and Midland are furnishers of information to the consumer reporting agencies, meaning that they provide information regarding their customers and their credit histories with the furnishers to the consumer reporting agencies for inclusion on their customers' credit reports.

17.     Defendants Stuart Allan and Midland are also debt collectors as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

18.     The Plaintiff is a victim of identity theft.

19.     Unbeknownst to the Plaintiff, the identity thief that stole the Plaintiff's identity used the Plaintiff's name, Social Security number and other personal identifiers to fraudulently open

3

various credit accounts with Defendants Chase, Citi, DSNB and Capital One as well as accounts with other entities that ultimately became collection accounts with Defendants Stuart Allan and Midland.

20.     The identity thief failed to make timely payments on the various fraudulently opened accounts.   As a result, Defendants Chase, Citi, DSNB, Capital One, Stuart Allan and Midland reported the derogatory payment history on the accounts to Defendants Experian, Trans Union and Equifax for inclusion on the Plaintiff's credit reports.

21.     On or about February 23, 2011, the Plaintiff sent letters to Defendant Experian, disputing the inclusion of the DSNB fraud account and three Capital One fraud accounts on his Experian credit report.   On the same date, the Plaintiff sent letters to Defendant Trans Union, disputing the inclusion of the DSNB fraud account, the Chase fraud account, two Citi fraud accounts and three Capital One fraud accounts on his Trans Union credit report.   On the same date, the Plaintiff sent letters to Defendant Equifax, disputing the inclusion of the DSNB fraud account and one of the Citi fraud accounts on his Equifax credit report.

22.     On or about February 25, 2011, the Plaintiff sent letters to Defendant Equifax, disputing the inclusion of the Chase fraud account and three Capital One fraud accounts on his Equifax credit report.

23.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian, Trans Union and Equifax were required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnishers who furnished the disputed information, i.e. Defendants DSNB, Capital One, Chase and Citi.   Upon receipt of the Plaintiff's disputes to Experian, Trans Union and Equifax, 15 U.S.C. § 1681s-2(b) required Defendants DSNB, Capital One, Chase and

Citi to perform their own reasonable investigations of the Plaintiff's disputes and report the results of their investigations to Experian, Trans Union and Equifax.

24.     Defendants Experian, Trans Union and Equifax negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

25.     Defendants DSNB, Capital One, Chase and Citi negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

26.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian, Trans Union, Equifax, DSNB, Capital One, Chase and Citi, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian, Trans Union and Equifax credit reports.

27.     On or about October 25, 2011, the Plaintiff sent a letter to Defendant Equifax disputing the inclusion of three fraudulent Capital One accounts on his Equifax credit report.

28.     On or about October 30, 2011, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of two fraudulent Stuart Allen collection accounts on his Experian credit report.

29.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian and Equifax were required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnishers who furnished the disputed information, i.e. Defendants Capital One and Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian and Equifax, 15 U.S.C. § 1681s-2(b) required Defendants Capital One and Stuart Allan to perform their own reasonable investigations of the Plaintiff's disputes and report the results of their investigations to Experian and Equifax.

30.     Defendants Experian and Equifax negligently and/or willfully violated 15 U.S.C. § 1681i

5

by failing to perform reasonable investigations of the Plaintiff's disputes.

31.     Defendants Capital One and Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

32.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian, Equifax, Capital One and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian and Equifax credit reports.

33.     On or about April 10, 2012, the Plaintiff sent a letter to Defendant Equifax disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Equifax credit report.

34.     On or about April 10, 2012, the Plaintiff sent a letter to Defendant Trans Union disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Trans Union credit report.

35.     On or about April 10, 2012, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Experian credit report.

36.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian, Trans Union and Equifax were required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnishers who furnished the disputed information, i.e. Defendants

DSNB, Capital One, Citi, Chase, Midland and Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian, Trans Union and Equifax, 15 U.S.C. § 1681s-2(b) required Defendants DSNB, Capital One, Citi, Chase, Midland and Stuart Allan to perform their own reasonable investigations of the Plaintiff's disputes and report the results of their investigations to Experian, Trans Union and Equifax.

37.     Defendants Experian, Trans Union and Equifax negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

38.     Defendants DSNB, Capital One, Citi, Chase, Midland and Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

39.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian, Trans Union, Equifax, DSNB, Capital One, Citi, Chase, Midland and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian, Trans Union and Equifax credit reports.

40.     On or about January 16, 2013, the Plaintiff sent a letter to Defendant Equifax disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Equifax credit report.

41.     On or about January 16, 2013, the Plaintiff sent a letter to Defendant Trans Union disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Trans Union credit report.

42.    On or about January 16, 2013, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of the DSNB fraud account, three fraudulent Capital One accounts, two Citi fraud accounts, the Chase fraud account, the fraudulent Midland collection account and two fraudulent Stuart Allan collection accounts on his Experian credit report.

43.    Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian, Trans Union and Equifax were required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnishers who furnished the disputed information, i.e. Defendants DSNB, Capital One, Citi, Chase, Midland and Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian, Trans Union and Equifax, 15 U.S.C. § 1681s-2(b) required Defendants DSNB, Capital One, Citi, Chase, Midland and Stuart Allan to perform their own reasonable investigations of the Plaintiff's disputes and report the results of their investigations to Experian, Trans Union and Equifax.

44.    Defendants Experian, Trans Union and Equifax negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

45.    Defendants DSNB, Capital One, Citi, Chase, Midland and Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

46.    As a result of the negligent and/or willful violations of the FCRA by Defendants Experian, Trans Union, Equifax, DSNB, Capital One, Citi, Chase, Midland and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian, Trans Union and Equifax credit reports.

47.    On June 21, 2013, Mortgage World Bankers denied the Plaintiff's credit application

8

based upon the fraudulent accounts appearing on his Experian, Trans Union and Equifax credit reports.

48.     On June 25, 2013, Barclay Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

49.     On June 26, 2013, Simmons First denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

50.     On June 26, 2013, First National Bank of Omaha denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Experian credit report.

51.     On June 26, 2013, Commerce Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

52.     On or about July 8, 2013, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of three fraudulent Stuart Allan collection accounts on his Experian credit report.

53.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian was required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnisher who furnished the disputed information, i.e. Defendant Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian, 15 U.S.C. § 1681s-2(b) required Defendant Stuart Allan to perform its own reasonable investigations of the Plaintiff's disputes and to report the results of its investigations to Experian.

54.     Defendant Experian negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

55.     Defendant Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

56.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian credit report.

57.     On July 9, 2013, Elan Financial Services denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Experian credit report.

58.     On July 9, 2013, Zions Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Experian credit report.

59.     On July 15, 2013, Experian wrote the Plaintiff a letter refusing to investigate the Plaintiff's disputes of the Stuart Allan fraud accounts.   Experian thereby negligently and willfully violated 15 U.S.C. § 1681i.

60.     On July 16, 2013, Sovereign Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Experian credit report.

61.     On or about July 26, 2013, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of three fraudulent Stuart Allan collection accounts on his Experian credit report.

62.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian was required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnisher who furnished the disputed information, i.e. Defendant Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian, 15 U.S.C. § 1681s-2(b) required Defendant Stuart Allan to perform its own reasonable investigations of the Plaintiff's disputes and to report the results of its investigations to Experian.

63.     Defendant Experian negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

64.     Defendant Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

65.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian credit report.

66.     On or about October 10, 2013, the Plaintiff sent a letter to Defendant Trans Union disputing the inclusion of the DSNB fraud account, three Capital One fraud accounts, two Citi fraud accounts and the Chase fraud account on his Trans Union credit report.

67.     On or about October 10, 2013, the Plaintiff sent a letter to Defendant Experian disputing the inclusion of the DSNB fraud account, three Capital One fraud accounts, two Citi fraud accounts, the Chase fraud account and two fraudulent Stuart Allan collection accounts on his Experian credit report.

68.     Pursuant to 15 U.S.C. § 1681i of the FCRA, Experian and Trans Union were required to perform reasonable investigations of the Plaintiff's disputes and to also forward the Plaintiff's disputes to the furnishers who furnished the disputed information, i.e. Defendants DSNB, Capital One, Citi, Chase and Stuart Allan.   Upon receipt of the Plaintiff's disputes to Experian and Trans Union, 15 U.S.C. § 1681s-2(b) required Defendants DSNB, Capital One, Citi, Chase and Stuart Allan to perform their own reasonable investigations of the Plaintiff's disputes and to report the results of their investigations to Experian and Trans Union.

69.     Defendants Experian and Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform reasonable investigations of the Plaintiff's disputes.

70.     Defendants DSNB, Capital One, Citi, Chase and Stuart Allan negligently and/or willfully

violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes.

71.     As a result of the negligent and/or willful violations of the FCRA by Defendants Experian, Trans Union, DSNB, Capital One, Citi, Chase and Stuart Allan, the fraud accounts disputed by the Plaintiff continued to be published to third parties as a part of the Plaintiff's Experian and Trans Union credit reports.

72.     On November 22, 2013, People's United Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Equifax credit report.

73.     On November 22, 2013, the Plaintiff's credit application for a Williams Sonoma credit card was denied based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

74.     On November 23, 2013, UMB Bank denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

75.     On November 23, 2013, Comenity denied the Plaintiff's credit application based upon the fraudulent accounts appearing on the Plaintiff's Equifax credit report.

76.     On November 26, 2013, GE Capital denied the Plaintiff's credit application for a Lord & Taylor credit card based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

77.     On November 26, 2013, GE Capital denied the Plaintiff's credit application for a Gap credit card based upon the fraudulent accounts appearing on the Plaintiff's Trans Union credit report.

78.     15 U.S.C. § 1681s-2(b) requires Defendants DSNB, Capital One, Chase, Citi, Midland

and Stuart Allan to perform reasonable investigations of the disputes lodged by the Plaintiff with the consumer reporting agencies regarding accounts reported by them to the consumer reporting agencies.   Defendants DSNB, Capital One, Chase, Citi, Midland and Stuart Allan negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by their failure to properly investigate the Plaintiff's disputes.

79.     15 U.S.C. § 1681i requires Defendants Experian, Trans Union and Equifax to perform reasonable investigations of the Plaintiff's disputes of the fraud accounts appearing on his credit reports.   Experian, Trans Union and Equifax negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate the Plaintiff's disputes.

80.     15 U.S.C. § 1681e(b) required Defendants Experian, Trans Union and Equifax to follow reasonable procedures to assure maximum possible accuracy of the consumer reports they prepare regarding consumers such as the Plaintiff.   Defendants Experian, Trans Union and Equifax negligently and/or willfully violated 15 U.S.C. § 1681e(b) by reporting the fraudulently opened accounts on the Plaintiff's credit reports and by their continued reporting of the fraud accounts as part of the Plaintiff's credit history.

81.     As a result of the Defendants' negligent and/or willful violations of the Fair Credit Reporting Act, including 15 U.S.C. § 1681e(b), § 1681i and § 1681s-2(b), the Plaintiff has suffered multiple adverse actions and denials of credit.

82.     Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs.   In addition, the Defendants' actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages,

punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

83.    The Defendants' actions and omissions are evidence of their recklessness, gross negligence, and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well-being.

84.    Because of the acts and omissions of the Defendants, the Plaintiff has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, embarrassment, humiliation, and mental distress.   In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorneys' fees which, but for the acts and omissions of the Defendants alleged herein, would not have been necessary.   Further, the Defendants' acts and omissions were willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well-being.

85.    As a result of the Defendants' willful violations of 15 U.S.C. § 1681 *et seq*., the Plaintiff is entitled to an award of punitive damages from the Defendants.


          WHEREFORE, the Plaintiff respectfully demands damages of and from Defendants Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, Chase Bank USA, N.A., CitiGroup, Inc., Department Stores National Bank , Capital One Bank (USA), N.A., Stuart Allan & Associates and Midland Funding, LLC in an amount to be determined by the jury as actual and compensatory damages, and further demands judgment for punitive damages in such amount as the jury may determine appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and litigation expenses.

Dated: Cedarhurst, New York
        May 29, 2015

Plaintiff requests trial by jury on all issues so triable.

> _s/Lawrence Katz_
> Lawrence Katz
> 445 Central Avenue Suite 201
> Cedarhurst, New York 11516
> Telephone (516) 374-2118
> Facsimile (516) 706-2404